UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MICHAEL PAUL JOHNSON,

                Petitioner,                Case No. 14-20437

v                                                        Honorable Thomas L. Ludington

UNITED STATES OF AMERICA,

                Respondent.

_____/

**ORDER GRANTING PETITIONER'S MOTION TO TERMINATE SUPERVISED RELEASE**

On December 3, 2008, judgment was entered in the United States District Court of the Southern District of Iowa against Michael Paul Johnson for one count of Receipt of Visual Depictions of Minors Engaging in Sexually Explicit Conduct. Judgment, ECF No. 1-1. On July 25, 2017, the Court received a request for transfer of jurisdiction from the Southern District of Iowa to this Court. ECF No. 2. On July 28, 2014, the Court accepted transfer of jurisdiction. *Id.*

**I.**

On January 23, 2004, a federal search warrant was executed for Johnson's residence. Federal Bureau of Investigations agents searched Johnson's computer and discovered that it had the file-sharing program "Limewire" installed. There were 311 sessions logged on the program with more than 600 images. In addition to child pornography, "some of the images involved sadistic of [sic] masochistic conduct or other depictions of violence." Presentence Investigation Report.

On May 8, 2007, a grand jury charged Johnson with one count of Distribution of Visual Depictions of Minors Engaging in Sexually Explicit Conduct, one count of Receipt of Visual Depictions of Minors Engaging in Sexually Explicit Conduct, and one count of Possession of

Visual Depictions of Minors Engaging in Sexually Explicit Conduct. ECF No. 1-2. Plaintiff pled guilty to Receipt of Visual Depictions of Minors Engaging in Sexually Explicit Conduct and the remaining two charges were dismissed. ECF No. 1-1.

On December 3, 2008, Johnson was sentenced to 84 months incarceration and 10 years supervised release. *Id.* He began his supervised release on October 30, 2013. The terms of Johnson's supervised release included consenting to periodic unannounced examinations of his computer by the U.S. Probation Office, a prohibition on owning a camera, maintaining a log of all websites he visited, a prohibition on using a computer with an internal, external or wireless modem unless authorized for employment, a prohibition on viewing pornography, participation in a mental health treatment program and a sex offender treatment program, and a prohibition on unsupervised contact with children. *Id.* On September 3, 2014, Johnson's terms of supervised release were modified to permit him unsupervised contact with his son. ECF No. 3.

## II.

Johnson has now filed a motion for early termination of his supervised release. ECF No. 4. A court may terminate a term of supervised release pursuant to 18 U.S.C. §3583(e) which provides:

> (e) Modification of conditions or revocation.--The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)--
>
> > (1) terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice;

18 U.S.C. §3583(e). The factors to be considered include "the nature and circumstances of the offense and the history and characteristics of the defendant" and "the need for the sentence imposed…to afford adequate deterrence to criminal conduct[,] to protect the public from further

crimes of the defendant[,] and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. (a)(1), (a)(2)(B)–(D).

**III.**

Johnson contends that his term of supervised release should be terminated because he no longer requires supervision. He explains that he has integrated into his community and is currently employed by Dow/DuPont as a Chemical Process Operator. He has completed his sex offender treatment program and has never violated his supervision. He lives with his wife and son. He purchased and moved into the house next to his own and had his parents move into his former house. This allows him and his wife to regularly check up on his parents and for his son to be close to his grandparents.

His probation officer submitted a memorandum reiterating these representations about Johnson's integration with community and his compliance with his supervised release. He explains that after Johnson was released from custody, he was diagnosed with bipolar disorder and prescribed medications. The medications have "made a positive difference in his daily functioning and mood stabilization." The officer also explains that Johnson has completed six polygraph tests while on supervision and that "these tests have centered around unsupervised contact with minors, viewing of child pornography, and unapproved use of computer devices." Johnson has passed each of these tests with no indication of deception. However, the officer explains that he is not permitted to recommend termination of Johnson's term of supervised release because "[i]t is the probation department's policy in the Eastern District of Michigan to not put forth recommendations for early termination for offenders convicted of a sex offense, regardless of the offense."

In its response, the Government states

> The supervisory Probation Officer has made only positive comments about Johnson's remarkable progress while on supervision, with no negative remarks. The only reason put forth by Probation for not recommending termination of supervision was a department policy.
>
> Based on the evaluation of the circumstances pertinent to this individual case, the government believes that Johnson has successfully completed more than half of his supervised release term with no apparent blemishes. For these reasons, the government does not object to the termination of Johnson's supervised release.

ECF No. 6 at PageID.37.

Petitioner has made great strides in improving himself and decreasing his risk of recidivism. He has already served his term of incarceration and over half of his term of supervised release. While on supervised release, he has obtained the necessary education and training needed to support himself and assist his family. It is not necessary that he remain on supervised release.

**IV.**

Accordingly, it is **ORDERED** that Petitioner's motion for termination of his supervised release, ECF No. 4, is **GRANTED**.

It is further **ORDERED** that Petitioner's term of supervised release is **TERMINATED**.

Dated: June 6, 2019            s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means and to **Michael Paul Johnson, 2128 Third Street, Bay City, MI 48708** by first class U.S. mail on June 6, 2019.

s/Kelly Winslow
KELLY WINSLOW, Case Manager